AO 91 (Rev. 11/11)   Criminal Complaint

FILED
May 15 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America <br> v. <br> Jeremy Donagal <br> *Defendant(s)* | ) ) ) ) ) ) )   Case No. 4:20-mj-70580-MAG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 14, 2020__ in the county of __Contra Costa__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. sec. 843(a)(5) | Possession of punches and dies designed to produce counterfeit drugs |
| 21 U.S.C. sec. 331(i)(3) | Making counterfeit drugs |

This criminal complaint is based on these facts:

See the attached affidavit of DEA Special Agent Anthony Guzman.

☑ Continued on the attached sheet.

Approved as to form ____/s/_____
AUSA  Frank Riebli

/s/ Anthony Guzman
*Complainant's signature*

DEA SA Anthony Guzman
*Printed name and title*

Sworn to before me over the telephone pursuant to Federal Rules of Crim. Proc. 4(d) and 4.1.

Date: May 15, 2020

City and state: Oakland, CA

*Judge's signature*

Hon. Donna M. Ryu, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Anthony Guzman, Drug Enforcement Administration Special Agent, being duly sworn, state:

### Introduction

1. I make this affidavit in support of an application under Federal Rules of Criminal Procedure 3 and 4 for a criminal complaint against Jeremy DONAGAL, for possession of punches and dies designed to imprint the mark of another on a drug so as to produce a counterfeit drug, in violation of 21 U.S.C. § 843(a)(5), and producing counterfeit drugs, in violation of 21 U.S.C. § 331(i)(3).

### Sources of Information

2. I submit this affidavit for the limited purpose of securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal laws identified above have occurred.

3. I have based my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided to me by other agents and law enforcement officers, information provided by reports of other law enforcement officers, information provided by video and photographic evidence, and information provided by records and databases. Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This affidavit also reflects my current understanding of facts relating to this investigation. That understanding may change as the investigation proceeds. My experience and training as a DEA Special Agent and my participation in this investigation form the basis of the opinions and conclusions set forth below.

### Affiant's Background

4. I am "an investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to investigate and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

5.      I have been employed by the Drug Enforcement Administration ("DEA") as a Special Agent since November 2005 and I am currently assigned to the Tactical Diversion Squad in the Oakland Residence Office of the San Francisco Field Division.  In my current assignment, my duties include investigations into the diversion of controlled substances.  In normal circumstances there is a controlled circle from where a controlled substance travels.  The controlled substance will start with the manufacturer, and then it goes to the distributor, then to a doctor, pharmacy, or other registered agent who can dispense the controlled substance legally.  The controlled substance finally goes to the consumer, i.e., a patient who has a valid prescription for the controlled substance.  The controlled substance can be diverted anywhere along this route.  When the controlled substance is diverted from this route, it is my job to investigate the diversion.  The investigation can focus on a doctor, pharmacy, or even the customer.  Investigations can involve analysis of the Controlled Substance Utilization Review and Evaluation System (CURES), which is a prescription drug-monitoring program run by the State of California; undercover operations; surveillance; phone toll analysis; and search warrants to obtain evidence of the diversion of controlled substances.

6.      While serving as a DEA Special Agent, I have participated in investigations of illicit drug trafficking organizations.  Prior to working as a DEA Special Agent, I attended and graduated from the DEA Basic Agent Training Program in Quantico, Virginia.  At the DEA Basic Agent Training Program, I received several hundred hours of comprehensive, formalized instruction in the recognition, distribution, manufacturing, and packaging of controlled substances, as well as money laundering techniques, asset forfeiture, and the diversion of pharmaceutical drugs.

7.      Prior to attending the DEA Basic Agent Training Program, I was with the El Paso Police Department as a patrol officer for one year.  As an El Paso Police Officer, I attended The El Paso Police Department Training Academy where I received several hundred hours of comprehensive, formalized instruction in the duties of a patrol officer and in municipal and state law.  I have completed several courses offered by the California Narcotics Officers Association,

including training on the abuse of pharmaceutical drugs, including promethazine and codeine.

8. I have spoken to, and worked with, more-experienced federal, state, and municipal agents and officers in connection with my work as a DEA Special Agent and El Paso Police Officer. In the course of my investigative experience as a DEA Special Agent, I have developed experience in the use of confidential informants, wire and physical surveillance, telephone toll analysis, investigative interviews, and the service of search and arrest warrants. The investigations in which I have participated have included such issues as the possession with intent to distribute and distribution of controlled substances, the conducting of monetary transactions involving the proceeds of specified unlawful activities and use of monetary instruments to launder those proceeds, and conspiracies associated with criminal drug offenses.

## Applicable Law

9. The Controlled Substances Act, 21 U.S.C. § 843(a)(5), makes it unlawful to "possess any punch, die, plate, stone, or other thing designed to print, imprint, or reproduce the . . . identifying mark, imprint, or device of another or any likeness of any of the foregoing upon any drug . . . so as to render such drug a counterfeit substance."

10. The Food & Drug Act, 21 U.S.C. § 331(i)(3), makes it unlawful to do any act which "causes a drug to be a counterfeit drug," or to sell or dispense counterfeit drugs.

## Statement of Probable Cause

11. On May 14, 2020, agents executed a federal search warrant at a warehouse in Concord, California ("The Warehouse"). During the search of The Warehouse, agents found multiple pill presses. They also found plastic trays with punches and dies in them. The trays were labeled with the types of punches and dies inside. Several of the trays were labeled "GG249." In addition, punch-dies in at least one of the pill presses were marked with the same "GG249" stamp. I know that the Food & Drug Administration has authorized Sandoz Inc. to manufacture and distribute 2 mg generic alprazolam tablets that are white, rectangular bars with an imprint on one side. That imprint is "GG" and "2 4 9" separated by "|" scores. I also know that alprazolam is a Schedule IV controlled substance.

12. The punches and dies recovered from The Warehouse are designed to make identical or nearly identical marks on tablets. Agents also recovered thousands of pressed GG249 tablets that had the same markings as the ones Sandoz is authorized to manufacture and distribute, as well as packaging and shipping materials, other equipment consistent with a mail-order business.[1] I know from my training and experience that the quantities of tablets DONAGAL possessed are consistent with possession for sale or distribution.

13. DONAGAL was the lessee for The Warehouse. He signed the lease on or about December 21, 2018 (on behalf of a company of which he was listed as the manager), and he let himself into the building when he arrived on May 14, 2020. Agents arrested him after he stepped outside of the building for a moment. Inside The Warehouse, agents found documents with DONAGAL's name on them.

## Conclusion

14. Based on the foregoing, I submit that there is probable cause to believe that DONAGAL possessed punches and dies designed to imprint the mark of another on the tablets he produced, so as to render them counterfeit drugs, in violation of 21 U.S.C. § 843(a)(5), and that DONAGAL manufactured and sold counterfeit drugs, in violation of 21 U.S.C. § 331(i)(3).

///
///
///
///
///
///
///
///
///

---

[1] Though I do not yet know whether the pressed tablets themselves contained a controlled substance, I believe they were meant to counterfeit a controlled substance, namely, alprazolam.

Therefore, I ask that the Court issue a criminal complaint against DONAGAL for those violations.

I swear under penalty of perjury that the foregoing are true and correct to the best of my knowledge.

                                      ___/s/ Anthony Guzman_____
                                      ANTHONY GUZMAN
                                      Special Agent
                                      Drug Enforcement Administration

Subscribed and sworn before me over the telephone pursuant to Federal Rules of Criminal Procedure 4(d) and 4.1 on this __15th__ day of May, 2020.

_____
HON. DONNA M. RYU
United States Magistrate Judge